UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW KAPPES,

    Plaintiff,

v.

    Case No. 19-cv-597-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff, representing himself, has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff is not employed, not married, and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income and no expenses; he does not own a car or a home, and he does not own any other property of value. Id. at 2-4. Under Section V, Other Circumstances, the plaintiff states, "I have no income at all. I live with my mother. I have a lot of medical issues that keep me from working. 2 strokes including midbrain and stem." Id. at 4. The plaintiff has

1

demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he has received a final decision of the Commissioner denying him benefits. The plaintiff states, "I have a second MRI that was not put into evidence, I sent a copy to them on March 8, 2019. It needs to be put into evidence." At this early stage in the case, and based on the information in the plaintiff's self-prepared complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 29th day of April, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**